UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| HARRY EUGENE BROWN § | |
| § | |
| Petitioner § | |
| VS. § | CIVIL ACTION NO. 2:12-CV-374 |
| § | |
| UNITED STATES OF AMERICA § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner is an inmate in the federal Bureau of Prisons ("BOP") and currently is incarcerated at the Federal Corrections Institution in Seagoville, Texas ("Seagoville FCI"). At the time he filed his petition, he was serving a state court sentence in the Texas Department of Criminal Justice - Criminal Institutions Division ("TDCJ-CID") and was incarcerated at the McConnell Unit in Beeville, Texas. Proceeding *pro se,* Petitioner filed a motion on December 3, 201, asking that a federal detainer placed against him be lifted. (D.E. 1). Respondent filed an answer, motion to expand the record and motion to dismiss on March 18, 2013, to which Petitioner did not respond. For the reasons set forth below, it is recommended that Respondent's motion be granted in part and denied in part and that Petitioner's cause of action be dismissed without prejudice.

## JURISDICTION

Jurisdiction and venue are proper in this court pursuant to 28 U.S.C. § 2241(d), because Petitioner is challenging a detainer and the possibility of future confinement, and at the time he filed his petition he was incarcerated in Bee County, Texas, which is in the

Corpus Christi Division of the Southern District of Texas.  *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 488-489, 93 S.Ct. 1123, 1126, 35 L.Ed.2d 443 (1973).

## BACKGROUND

On May 26, 1995, Petitioner was sentenced to two twenty-five year sentences in the 371st District Court of Tarrant County.  One of the sentences was for aggravated robbery with a deadly weapon that occurred on October 22, 1992 and the other was for murder that occurred on December 20, 1992.  The sentences ran from December 28, 1992 and December 20, 1992 respectively (Affidavit of Charley Valdez, D.E. 18-2 at 2).

While incarcerated in TDCJ-CID Petitioner was subject to a federal detainer which had been imposed by the United States Marshal's office on June 26, 1995 (D.E. 1 at 5; D.E. 18-2 at 2).  The detainer was related to a conviction in the Fort Worth Division of the United States District Court for the Northern Division of Texas for conspiracy, obstruction of commerce by robbery, use and carry of a firearm during a crime of violence and aiding and abetting (D.E. 1 at 2).  Petitioner was sentenced to a total of seventy-two months on the federal charges (*Id.*).

Petitioner asks that his federal sentence be credited with the time he has spent in state custody.  Respondent counters that because Petitioner was not in custody at the time he filed his petition, his federal sentence had not been computed and the matter was not ripe for review.  Moreover, even if the motion were ripe for consideration, Petitioner has not exhausted his administrative remedies.

Petitioner was paroled from state custody on April 1, 2013 and currently is in federal custody with an expected release date of June 10, 2018.[1]

## DISCUSSION

Because Petitioner is now in federal custody and the BOP has calculated his release date, Respondent's motion to dismiss Petitioner's claim is moot insofar as it is based on Petitioner not being in federal custody.  Accordingly it is recommended that Respondent's motion to dismiss based on the argument that Petitioner's claim is not ripe be denied.

When a prisoner seeks credit toward his sentence through a § 2241 petition, he must first exhaust administrative remedies through the BOP.  *United States v. Gabor*, 905 F.2d 76, 78, n. 2 (5th Cir. 1990)(citations omitted).  A district court may dismiss a case under 28 U.S.C. § 1915(d) for failure to exhaust administrative remedies.  *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993).  Procedures for seeking review of sentence computation are set out at 28 C.F.R. §§ 542.10 - 542.18.  First, an inmate is supposed to attempt informal resolution of a problem and then submit a formal written request to the Warden on the appropriate form.  If he is not satisfied with the Warden's response, the inmate may submit an appeal to the regional director on another form.  If he is dissatisfied with the response from the regional director, he may appeal to the general counsel.  Prisoners may seek judicial review of the computation after exhausting their

---

[1] http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=IDSearch&needingMoreList=false&IDType=IRN&IDNumber=24073-077&x=75&y=15 (last viewed on May 17, 2013).

administrative remedies. *United States v. Wilson*, 503 U.S. 329, 335, 112 S.Ct. 1351, 1355, 117 L.Ed.2d 593 (1992). Exceptions to the exhaustion requirement apply only in extraordinary circumstances and the petitioner has the burden of demonstrating the futility of administrative review. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994)(citing *Hessbrook v. Lennon*, 777 F.2d 999, 1003 (5th Cir. 1985)).

It is undisputed in this case that Petitioner did not exhaust his administrative remedies and he has neither argued nor shown that attempts to do so would be futile. Because he has not done so, Petitioner's cause of action should be dismissed without prejudice so that he may have an opportunity to exhaust his administrative remedies.

## **RECOMMENDATION**

For the reasons stated above, it is respectfully recommended that Respondent's motion to dismiss (D.E. 18) be granted in part and denied in part. Respondent's motion to dismiss for lack of jurisdiction based on the argument that Petitioner's claim is not ripe should be denied. Respondent's motion to dismiss for failure to exhaust administrative remedies should be granted. Respondent's motion to expand the record should be granted. Petitioner's application for habeas corpus relief should be dismissed without prejudice for failure to exhaust administrative remedies.

The clerk is ordered to send a copy of this memorandum and recommendation to Petitioner at Seagoville FCI, P.O. Box 9000, Seagoville, TX, 75159. Petitioner is

cautioned that he must keep the Court informed of his address and failure to do so may result in dismissal of his cause of action for failure to prosecute.

Respectfully submitted this 21st day of May, 2013.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).